Belknap,
June 1, 1920.

### ZEPHERIN CAMIRE *v.* LACONIA CAR COMPANY.

CASE, under the common law, for negligent injury to an employee. At the close of the plaintiff's evidence the defendant's motion for a nonsuit was granted, subject to exception. The facts are stated in the opinion.

Transferred from the October term, 1919, of the superior court by *Sawyer*, J.

*Fortunat E. Normandin*, for the plaintiff.

*Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the defendant.

PEASLEE, J.   The accident to the plaintiff was caused by the collapse of a pile of shell castings, which resulted from the removal of the obstruction at the end of the pile.   The castings were of cylindrical form, about 11 inches long and weighing about 15 pounds each.   After being inspected they were arranged in tiers in a store room.   Some of the tiers had racks to each layer, and these tiers were of uniform length to their full height.   Other tiers had no racks and the ends "went off at an angle."   Two piles of the latter kind met at right angles.   The end of the second pile was against the side of the first, and in this way the second one was prevented from collapsing.   There was no trig or other obstruction to prevent the shells from rolling except as they were held by the first pile.

The plaintiff was thirty-nine years old and had worked for the defendant in the blacksmith shop for about two years.   Prior to the afternoon of the accident he had had no experience handling the stored or piled-up shells.   He was then sent to assist the men who were loading the shells into cars.   He worked for about two hours throwing the shells into the car, and then, at the suggestion of a fellow-workman, changed work with him and began wheeling the shells out of the store house.   He knew that some of the piles had racks and that others had none, but had no other information as to how the piles were secured.   He first took a pile that had racks, and then the foreman directed him to remove the first pile without racks, before described.   This was about six feet high.   He worked until there were about a hundred shells left in the pile and they had been removed down to the bottom layer — at least part of the way.   He picked up a shell from this layer at a point about two feet in front of the second pile.   The effect of this was to loosen the shells which were against the end of the second pile, thereby causing that pile to collapse and cause the injury complained of.   The plaintiff did not know that what he did would cause such results.

The method of supporting the second pile was sufficient if that pile had been removed first; but it is evident that it was unsafe to attempt to first remove the supporting pile.   It could be found that the order to proceed in the way last indicated was a negligent one, for which the defendant was responsible.

But it is argued that the risk was an open and visible one and therefore assumed by the plaintiff. That the pile would fall if left unsupported was known to him; but on the evidence it could be found that he did not understand that the removal of a shell some distance in front of the second pile would cause a shifting of position of the shells in the same pile behind the one removed. It cannot be determined upon the evidence just how the shifting came about, save that it was induced by the removal of a shell from the bottom layer. A pile so constructed would be secure as long as the bottom layer was full, and was trigged at each end. But as soon as the obstruction at either end was removed the weight of the upper layers would start the lower ones to rolling outward, and the pile would collapse. A like result, in part at least, would follow when a shell was removed from the lower layer at any point. While it would be manifest to one experienced in such work that such a result was likely to occur, it might not be so to one without experience. Being told to remove this pile, the plaintiff was justified in proceeding upon the assumption that it was a reasonably proper and safe course to pursue.

The case was argued for the defendant upon the theory that the plaintiff removed the shell which manifestly supported the second tier. But the evidence is that he did not do so. The shell he removed was two feet from the pile and its removal set in motion the train of events which resulted as before described. It is on the ground that the plaintiff might be found to have been justifiably ignorant of the imminence of these consequences, and that the foreman was negligent in directing the work, that the case should have been submitted to the jury.

*Exception sustained.*

All concurred.